DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
Palo Alto, CA 94301-1615
Telephone:     (650) 543-5477
Facsimile:      (650) 429-2028

Attorneys for Plaintiff
MACROTRON SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MACROTRON SYSTEMS, INC., | Case No. C-08-04476-MHP |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| FICO B.V., | |
| Defendant. | |

**1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed, and reflects the standards that will be applied when a party seeks permission from the court to

file material under seal.

It is hereby stipulated and agreed, subject to the approval and order of the court, that:

## 2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), or that the possessor deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive information, or information capable of being utilized for the preparation or prosecution of a trademark, copyright, or patent application dealing with such subject matter, or other information required by law or agreement to be kept confidential.

2.4. "Highly Confidential – Outside Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in discovery disclosures, requests, responses or depositions as "Confidential" or "Highly Confidential — Outside Attorneys' Eyes Only."

2.8. Protected Material: any Disclosure or Discovery Material that is designated by a Party in good faith as "Confidential" or as "Highly Confidential – Outside Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material. Protected Material of the other Party or a third-party shall be used solely for purposes of this case, and shall not be used by a Receiving Party for any research, development, manufacture, intellectual property (i.e., patent, copyright, or trademark) filing or prosecution, financial, commercial, marketing, business, regulatory, or other competitive purpose.

## 4. DURATION

Even after the termination of this litigation, including any final judgment, appeal or settlement, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

4

indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."  Inspection of documents or things by any Party shall be conducted only by Outside Counsel and Experts eligible to view such information as set forth herein.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.

(b) for any disclosure, written interrogatories, requests for admission, responses thereto, or any testimony adduced at a deposition upon written questions that constitutes or contains Protected Material, that the Party or non-party serving the disclosure, discovery request or response, or providing the testimony mark or label the first page of that document near the caption with the legend "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."  Another label with the appropriate legend shall be set forth at the beginning of every disclosure section, discovery request or response, or testimony in response to a written question, that specifically contains Protected Material, so that disclosures, discovery requests or responses, or testimony that do not contain Protected Material are not subject to this Order.

(c) for testimony given in deposition or in other pretrial or trial proceedings, that any Party or non-party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party or non-party may invoke on the record

(before the deposition or proceeding is concluded) a right to have up to twenty (20) calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY").  When such a right is invoked, transcripts of the testimony shall be temporarily designated as "CONFIDENTIAL" for up to twenty (20) calendar days from both Parties' receipt of the deposition transcript.  Within twenty (20) calendar days of such receipt, any Party or non-party must designate as Protected Material all or part of the transcript by notifying the Parties and the court reporter for that proceeding in writing.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order.  Transcript pages containing Protected Material, as well as exhibits containing Protected Material, must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty designating the testimony.

(d) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."

5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" prior to production does not, standing alone, waive the Designating Party's right to secure protection under this Order for such

6

STIPULATED PROTECTIVE ORDER
Case No. C-08-04476-MHP

material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" after the material was initially produced, or if a designation of material already produced is changed, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Such change in designation shall be accomplished by notifying each Party in writing of the change.

Upon receipt of any written change in designation, a Party shall: (i) not make any further disclosure or communication of such newly designated Protected Material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any Protected Material with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated Protected Material from any persons known to have possession of any such originally designated material except as provided for under section 7 herein in light of the change of designation to the extent practicable.  Properly marked documents shall be promptly provided by the Designating Party of any such newly designated Protected Material.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable unnecessary economic burdens, or a foreseeable significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

1 must explain the basis for its belief that the confidentiality designation was not proper
2 and must give the Designating Party an opportunity to review the designated material, to
3 reconsider the circumstances, and, if no change in designation is offered, to explain the
4 basis for the chosen designation.  A challenging Party may proceed to the next stage of
5 the challenge process only if it has engaged in this meet and confer process first, or if the
6 Designating Party has failed to engage in this meet and confer process within ten (10)
7 court days of the challenging Party's first attempt to begin the process.

6.3. Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation, including requesting that any Protected Material submitted to the Court in connection with the motion be filed under seal.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be

1    stored and maintained by a Receiving Party at a location and in a secure manner that
2    ensures that access is limited to the persons authorized under this Order.
3    7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by
4    the court or permitted in writing by the Designating Party, a Receiving Party may
5    disclose any information or item designated CONFIDENTIAL only to:
6             (a)   the Receiving Party's Outside Counsel of record in this action, as well as
7    paralegals, assistants and employees of the law firm of said Counsel to whom it is
8    reasonably necessary to disclose the information for this litigation and who have signed
9    the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached
10   hereto as Exhibit A;
11            (b)   the officers, directors, and employees (including House Counsel) of the
12   Receiving Party to whom disclosure is reasonably necessary for this litigation and who
13   have signed the "Acknowledgment and Agreement to Be Bound by Protective Order"
14   (Exhibit A);
15            (c)   Experts (as defined in this Order) of the Receiving Party to whom
16   disclosure is reasonably necessary for this litigation and who have signed the
17   "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), and
18   who are in compliance with the requirements of section 7.4 and 7.5 herein;
19            (d)   professional vendors with whom Outside Counsel work in connection with
20   this litigation and to whom disclosure is reasonably necessary for this litigation, and who
21   have signed the "Acknowledgment and Agreement to Be Bound by Protective Order"
22   (Exhibit A);
23            (e)   the Court and any members of its staff to whom it is necessary to disclose
24   Confidential Information for the purpose of assisting the Court in this litigation and
25   stenographic employees, court reporters, typists, interpreters, and translators for the sole
26   purpose of recording, transcribing, translating or interpreting testimony, documents, or
27   other information relating to this litigation;
28            (f)   during their deposition, any person who prepared a particular document or

1   thing, who is either listed on the document or otherwise identified in writing or
2   electronically as a sender or recipient of the document, and who has signed the
3   "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), but the
4   disclosure shall be limited to the specific Confidential Information disclosed in the
5   particular document or thing.  Any document or thing viewed under this provision may
6   only be viewed by the deponent at said deposition and shall not be copied, removed from
7   the deposition location or otherwise retained by the deponent.  Pages of transcribed
8   deposition testimony or exhibits to depositions that reveal Protected Material must be
9   separately bound by the court reporter and may not be disclosed to anyone except as
10  permitted under this Stipulated Protective Order.

11      (g)   any person to whom the Designating Party agrees Confidential
12  Information may be disclosed.

13  7.3.  Disclosure of "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY"
14  Information or Items.  Unless otherwise ordered by the Court or permitted in writing by
15  the Designating Party, a Receiving Party may disclose any information or item
16  designated "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY"
17  only to:
18      (a)   the Receiving Party's Outside Counsel of record in this action, as well as
19  paralegals, assistants and employees of the law firm of said Counsel to whom it is
20  reasonably necessary to disclose the information for this litigation and who have signed
21  the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached
22  hereto as Exhibit A;
23      (b)   Experts (as defined in this Order) of the Receiving Party to whom
24  disclosure is reasonably necessary for this litigation and who have signed the
25  "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), and
26  who are in compliance with the requirements of section 7.4 and 7.5 herein;
27      (c)   professional vendors with whom Outside Counsel work in connection with
28  this litigation and to whom disclosure is reasonably necessary for this litigation, and who

have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

  (d) the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this litigation and stenographic employees, court reporters, typists, interpreters, and translators for the sole purpose of recording, transcribing, translating or interpreting testimony, documents, or other information relating to this litigation;

  (e) during their deposition, any person who prepared a particular document or thing, who is either listed on the document or otherwise identified in writing or electronically as a sender or recipient of the document, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), but the disclosure shall be limited to the specific Confidential Information disclosed in the particular document or thing.  Any document or thing viewed under this provision may only be viewed by the deponent at said deposition and shall not be copied, removed from the deposition location or otherwise retained by the deponent.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (f) any person to whom the Designating Party agrees Confidential Information may be disclosed.

7.4. Before disclosing Protected Material to any Expert, Counsel shall:

  (a) provide to such person a copy of this Order, which he or she shall read and upon reading shall complete and sign the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

  (b) obtain from such person a completed and signed copy of said "Acknowledgment and Agreement to Be Bound by Protective Order," a resume (curriculum vitae), and the following information, (i) the witness's qualifications, including a list of all publications authored in the previous 10 years, and (ii) a list of all

1  other cases in which, during the previous 4 years, the witness testified as an expert at trial
2  or by deposition;
3      (c) for every such person, serve (by hand delivery, courier, e-mail, or
4  facsimile transmission) a copy of said "Acknowledgment and Agreement to Be Bound by
5  Protective Order," resume (curriculum vitae) and information described in paragraph
6  7.4(b) upon Counsel for the Designating Party.
7  7.5. Upon receipt of an Acknowledgment and Agreement to Be Bound by Protective Order
8  and resume (curriculum vitae) and information described in paragraph 7.4(b) of an
9  Expert, the Designating Party shall then have ten (10) court days to serve (by hand
10 delivery, same day courier, e-mail, or facsimile transmission) a written objection to the
11 proposed disclosure of its Protected Material, which shall state with specificity the
12 reason(s) for such objection. If counsel for the Designating Party objects within ten (10)
13 court days, there shall be no disclosure to such Expert except by further order of the
14 Court pursuant to a motion brought by the Designating Party within seven (7) court days
15 of the service of the objection. On any motion brought pursuant to this paragraph, the
16 Designating Party shall bear the burden of showing why disclosure to that Expert should
17 be precluded. Failure to timely object and to timely file a motion with the Court operates
18 as a waiver of the objection by the Designating Party and the Expert will be permitted
19 access to the Designating Party's Protected Material.
20 7.6. Nothing shall prevent disclosure beyond the terms of this Order if the Designating Party
21 consents in writing to such disclosure, or if the Court, after reasonable written notice to
22 all affected parties, orders such disclosure.
23 7.7. Nothing contained in this Order shall preclude any Designating Party from using its own
24 Protected Material in any manner it sees fit, without prior consent of any Party or the
25 Court.
26 7.8. Notwithstanding such designation, Protected Material does not include information
27 obtained independent of this proceeding as to which no obligation of confidentiality
28 applies. Accordingly, nothing in this Order shall prevent any person from making use of

1    any information that is designated Protected Material if such information:

2      (a) was lawfully in his or her possession prior to receipt under the provisions

3    of this Order;

4      (b) was or becomes available to the public through no fault of a Receiving

5    Party; or

6      (c) was or is obtained from a source not under an obligation of secrecy to the

7    Designating Party.

8    7.9. Nothing in this Order shall restrict any Party's Outside Counsel from rendering advice to

9      its clients with respect to this litigation and, in the course thereof, relying upon Protected

10     Material, provided that in rendering such advice, counsel shall not disclose any other

11     Designating Party's Protected Material other than in a manner provided for in this Order.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions

1  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a
2  lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately, but not longer than three (3) court days of learning of such disclosure (a) notify in writing the Designating Party of all pertinent facts relating to the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.  The requirements of this paragraph shall not prevent the Designating Party from applying to the Court for further or additional relief.

9.2. If Protected Material is used during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during and subsequent to such use.  If Protected Material is disclosed to a deposition witness in contravention of other provisions of this Order, and the witness has testified concerning that information, the witness may be cross-examined with respect to the document(s) or information disclosed during that deposition.

### 10. USE OF PROTECTED MATERIAL IN FILINGS AND OPEN COURT.

10.1. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

10.2. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material, including quotations or other parts thereof, of the Designating Party. A Designating Party may file in the public record any Protected

1     Material it has designated and such filing, unless inadvertent, will result in that
2     information no longer being subject to this Order.
3  10.3.  A Party that seeks to file under seal any Protected Material must comply with Civil Local
4     Rule 79-5. In addition, the Party should indicate the source and level of confidentiality on
5     the first page of the pleading or other document to be filed under seal in the form
6     "SUBMITTED UNDER SEAL – [CONFIDENTIAL INFORMATION] [HIGHLY
7     CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY INFORMATION] OF
8     [DESIGNATING PARTY]" so as to enable the Receiving Parties to identify the
9     appropriate persons that may view the filing.  If a Party seeks to file under seal Protected
10     Material designated by a third party, at the time of the filing, it shall serve the third-party
11     with a copy of the motion to file under seal and those portions of the pleading to be
12     sealed which contain the third-party's Protected Material. The third party shall then be
13     required to respond pursuant to Civil Local Rule 79-5. By designating material pursuant
14     to this Stipulated Protective Order, the third-party hereby consents that the terms of this
15     Order shall apply to its Protected Material.
16  10.4.  To the extent that a Receiving Party (or a witness called by a Receiving Party)
17     contemplates using Protected Material that was produced by another Designating Party,
18     at trial or a hearing in open court in this proceeding, the Receiving Party shall have the
19     obligation to provide notice (either in writing or in open court) to the Designating Party
20     of its intent.  The Designating Party shall have an opportunity to respond to that notice
21     before any of its Protected Material may be used by any Party at trial or a hearing in open
22     court.  In the event that any Protected Material is used at trial or hearing in open court in
23     this proceeding because a request to conduct the trial or hearing in closed court or in
24     camera was not granted, the Protected Material shall remain subject to this Order.

### 11. FINAL DISPOSITION.

26 As used in this subdivision, "all Protected Material" includes all copies, abstracts,
27 compilations, summaries or any other form of reproducing or capturing any of the Protected
28 Material.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

1  (60) calendar days after the final termination of this action, each Receiving Party must return all
2  Protected Material to the Producing Party, provided, however, that Outside Counsel may retain
3  all documents and things that contain or reflect their attorney work product (e.g., notes,
4  memoranda, drafts of pleadings, deposition summaries, document review summaries, documents
5  reviewed in preparation for depositions, hearings, or trial whether introduced or not), all
6  correspondence, all pleadings, all deposition transcripts, all Expert reports, all deposition,
7  hearing and trial exhibits, and all court filed documents even though they contain Protected
8  Material, but such retained work product and documents shall remain subject to the terms of this
9  Order.  Any such archival copies that contain or constitute Protected Material remain subject to
10 this Protective Order as set forth in Section 4 (DURATION), above.  In addition, Outside
11 Counsel is not required to destroy back-up tapes that are used for disaster recovery that may
12 contain Protected Material.  Accordingly, upon final termination of this action, no one other than
13 the Court and Outside Counsel shall retain any Protected Material obtained in the course of this
14 proceeding.  With permission in writing from the Designating Party, the Receiving Party may
15 destroy some or all of the Protected Material instead of returning it.

    Whether the Protected Material is returned or destroyed, at the written request of the
Designating Party, any person or entity having received recordings, notes, memoranda,
summaries or other written materials, and all copies thereof, relating to or containing its
Protected Material shall deliver to the Designating Party a declaration confirming that reasonable
efforts have been made to assure that all such Protected Materials and any copies thereof, any
and all records, notes, memoranda, summaries or other written material regarding the Protected
Material (except for attorney work product and documents permitted to be retained by Outside
Counsel as stated above), have been destroyed or delivered in accordance with the terms of this
Order.

### 12. MISCELLANEOUS

12.1.   No party shall use any aspect of this Order, including but not limited to designation of
        documents, motions for de-designation, or requests to file material under seal pursuant to
        Civil Local Rule 79-5, for purposes of harassment or to impose an unnecessary expense

or burden on the opposing party.

12.2. This Order shall be binding upon the parties to this proceeding and signatories to the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A), including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

12.3. This Order shall apply to all information and material produced in this proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

12.4. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible as proof of a claim or defense in this proceeding and in no way constitutes an admission by any Party that any information designated pursuant to this Order is or is not proprietary, confidential, and/or a trade secret.

12.5. Only upon motion and order of the Court may the terms of this Order be amended or modified.

12.6. Nothing in this Order shall prejudice the right of any Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

12.7. In the event that a new Party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

12.8. The entry of this Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c), and each Party reserves the right to seek modification of this Order in the future.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated: May 4, 2009 | LAW OFFICE OF DEREK A. ELETICH |
| 2 | | /s/ Derek A. Eletich |
| 3 | | By:_____ |
| 4 | |    DEREK A. ELETICH |
| 5 | | Attorney for Plaintiff<br>MACROTRON SYSTEMS, INC. |

1 Dated: May 4, 2009                    LAW OFFICE OF DEREK A. ELETICH

2                                        /s/ Derek A. Eletich

3                                     By:_____
                                           DEREK A. ELETICH
4
                                        Attorney for Plaintiff
5                                       MACROTRON SYSTEMS, INC.

6

7 Dated: May 4, 2009                    WILMER, CUTLER, PICKERING, HALE and
                                        DORR LLP
8
                                        /s/ Keith L. Slenkovich
9
                                     By:_____
10                                         KEITH L. SLENKOVICH

11                                      Attorney for Defendant
                                        FICO B.V.
12

13        PURSUANT TO STIPULATION, IT IS SO ORDERED**., subject to attached supplemental order.**

14 Dated:__5/5/2009_____

                                        _____
                                        HON. MARILYN HALL PATEL

IT IS SO ORDERED
Judge Marilyn H. Patel

18

STIPULATED PROTECTIVE ORDER
Case No. C-08-04476-MHP

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of <u>Macrotron Systems, Inc. v. FICO B.V.</u>, Case No. C-08-04476-MHP.

      I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, and will use only for purposes of this action, any information, documents or things designated as containing Protected Material, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items, which I receive in this action, except as allowed in accordance with this Order. I will take reasonable steps to restrict access to any Protected Material to only those persons authorized by the Stipulated Protective Order to have such access.

      I will return all materials containing Protected Material that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material when requested to do so.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____